## Fenno Estate

*Alan J. Smith* and *Henry A. Frye*, for accountants.
*Fred J. Silverman*, for Commonwealth.

TAXIS, P. J., May 3, 1962.—This matter comes before the court on objections filed by the Commonwealth to the executors' schedule of distribution. The facts have been established by stipulation of counsel.

Decedent operated an insurance agency and brokerage business from the year 1928 to the time of his death on March 7, 1960. Decedent's will gave and bequeathed to Martha C. Littlefield:

"my insurance agency and brokerage business known as H. C. Fenno & Company, Manhattan Building, Philadelphia, Pennsylvania, comprised as and in the manner following: The books are to be closed in the usual manner as of the last day of the month preceding the month in which I die, and the accumulated surplus as it appears on that statement, or any part thereof, withdrawn by my executors hereinafter named, within six months after my death as may be agreeable to the said Littlefield, leaving cash and premiums receivable (subject to premiums payable), expiration lists, agency contracts (subject to approval of respective companies), office equipment and furnishings, automobiles, leases and all other things pertaining to the business, as to all of which my said executors are to give a clear title to the said Littlefield upon payment of the said accumulated surplus and the inheritance tax and estate taxes on that portion of the business comprising this legacy. If all said accumulated surplus is not so withdrawn, then the total balance shall become due and payable within one year after

my death, and in default of payment, I direct that my executors take over and liquidate or sell the business in whatever manner and for whatever price they in their sole judgment and discretion deem best, and without any liability on the part of the purchaser to account for the purchase price, giving credit to the said Littlefield for any excess received over and above the accumulated surplus or balance thereof, plus interest at the rate of six per cent on any unpaid balances."

A statement of the financial condition of the business was prepared in accordance with the direction contained in the will. The insurance business consisted of agency contracts with insurance companies and had as assets in addition thereto cash of $25,594.25, net accounts receivable (less commissions) of $26,740.08, office furniture and equipment of $1,199.07, and an automobile valued at $1,417.87. The business had liabilities in the amount of $28,610.19 and a net worth of $26,341.08.

The business of H. C. Fenno and Company was developed by the personal activities of decedent. After his death, the executors petitioned the court for authority to conduct the business. The petition was allowed and the business has been operated by Martha C. Littlefield under a power of attorney.

The Insurance Department refused to recognize the executors of the estate as proper persons to conduct an insurance agency and the insurance companies having agency contracts required Martha C. Littlefield personally enter into new agreements with them. The executors have proposed distribution of the insurance and brokerage business, less the equity of $26,341.08, to Martha C. Littlefield and contend that the business after withdrawal of the net worth of $26,341.08 had no value. The executors further contend that the only inheritance tax due is two percent on $26,341.08.

The Commonwealth has appraised the business after the withdrawal of the net worth at $26,341.08 and, subsequent to the filing of the schedule of distribution as directed by the adjudication of July 25, 1961, a bill for inheritance tax was rendered assessing a tax of 15 percent on $26,314.08.

The question before the court is whether anything passed to this legatee, Martha C. Littlefield, which would constitute an asset of decedent's estate subject to the transfer inheritance tax.

The transfer inheritance tax statute in effect at the time of decedent's death provides for a tax "upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations . . .": Act of June 20, 1919, P. L. 521, sec. 1, as amended. The Commonwealth contends that the agency contracts of decedent were property contemplated by the statute.

The Commonwealth relies upon Feitz Estate, 402 Pa. 437, 444, wherein the Supreme Court decided that the value of the statutory right to apply, after death, for the transfer of a restaurant liquor license, owned by decedent at the time of death, is subject to transfer inheritance tax.

The basis for the decision in Feitz Estate is the statutory authority of the Liquor Control Board to transfer the license to the licensee's surviving spouse, personal representative, or a person designated by the licensee. The court decided that the right to apply for such transfer is a right which possesses value and that this right is "transferred" within the meaning of the transfer inheritance tax statute. The following language indicates the reasoning of the court:

"As between the Commonwealth and the licensee of a restaurant liquor license, the license is simply a personal privilege subject to termination for cause or upon the death of the licensee; by its very nature, the

license itself does not become an asset of the estate of the deceased licensee. However, since, by legislative fiat, upon the death of the licensee, the board is invested with the authority to transfer the license to the licensee's surviving spouse or personal representative or to a person designated by the licensee, the right to apply for such transfer is a right which possesses value. The legislative intent is evident; the holder of a restaurant liquor license has the right to designate the person who may apply for a transfer of such license after his death and, in the absence of such designation, the surviving spouse or personal representative may do so. The statute insures that the holder of the license, by action or inaction, may pass on the right to apply for a transfer of the license. It is this right—a valuable right—which the decedent has as distinguished from the license itself . . ."

In contradistinction to a liquor license, an insurance agency contract cannot be transferred. The present case is an illustration. The insurance companies required the beneficiary, Martha C. Littlefield, to enter into new agreements with them. Decedent had no valuable right to designate a transfer or even to designate a person who could apply for such a transfer. The insurance companies alone controlled such matters.

The Federal estate tax law does not place a good-will value on a business depending principally on the efforts and business skill of an individual: Estate of Maddock, 16 T. C. 324; Estate of Gannon, 21 T. C. 1073. See also Rev. Rul. 60-301, I.R.B. 1960-38,7. In MacDonald v. Commissioner, 3 T. C. 720, the court decided that an insurance brokerage business had no good will for income tax purposes where it was personal in its nature and depended very largely upon the personal relation between MacDonald and the customers. The reasoning of these authorities is equally applicable to transfer inheritance tax.

The personal liability, personality and reputation of the decedent did not survive the decedent: Baer's Estate, 38 D. & C. 409. Therefore, the value of these assets is not subject to transfer inheritance tax.

The business bequeathed to Martha C. Littlefield had no value. There was no goodwill upon which a tax could be assessed and the only inheritance tax due on account of decedent's business is two percent on $26,341.08 which has been paid.

The objections are dismissed and distribution shall be made in accordance with this opinion.